**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL WASHINGTON, | Case No.: 2:20-cv-01854-GMN-NJK |
|      Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| DANIEL LIPPMANN, et al., | |
|      Defendants. | |

Plaintiff is a detainee proceeding *pro se* in this action pursuant to 28 U.S.C. § 1915.  On October 5, 2020, Plaintiff filed an application to proceed *in forma pauperis* and submitted a complaint.  Docket Nos. 1, 1-1.  On October 16, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis*.  Docket No. 5.  On November 4, 2020, the Court received Plaintiff's initial partial payment of his filing fee.  Docket No. 7.  The Court will now screen Plaintiff's complaint.

**I.   LEGAL STANDARD**

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint. 28 U.S.C. § 1915(e).  Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   ANALYSIS

Plaintiff asserts claims against Daniel Lippman, Elizabeth Mercer, and Judge David Jones ("Defendants"). Docket No. 1-1 at 2. Plaintiff alleges that Defendant Lippman is his court-appointed attorney in his state criminal case, Defendant Mercer is the district attorney prosecuting his state criminal case, and Defendant Judge Jones is the judge presiding over his state criminal case. *Id.* at 4–6. Plaintiff's claims arise out of his allegations that Defendants breached their fiduciary duties. *Id.* at 2. Specifically, Plaintiff alleges that Defendant Lippman failed to file motions on his behalf, investigate his case, or contact witnesses on his behalf. *Id.* at 4. Plaintiff

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

further alleges that Defendant Mercer offered him a plea deal that contained more charges than he was charged with initially.  *Id.* at 5.  In addition, Plaintiff alleges that Defendants Lippman and Mercer improperly represented in state court that he waived his speedy trial rights.  *Id.* at 5, 6.  Plaintiff also alleges that Judge Jones improperly cancelled his hearing on his motion to dismiss counsel and prohibited him from representing himself or filing any motions in open court.  *Id.* at 6.  Based on these allegations, Plaintiff seeks declaratory and injunctive relief in the form of an order appointing new counsel, a different district attorney, and a different judge.  *Id.* at 9.

Under the *Younger* abstention doctrine, federal courts may not interfere with a pending state proceeding and issue declaratory or injunctive relief, even if there is an allegation of a constitutional violation, unless "extraordinary circumstances" exist.  *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).  To determine whether it should refrain from interfering with a state proceeding, a federal court must consider whether the state proceeding is ongoing; whether the state proceeding implicates an important state interest; and whether there is an adequate opportunity in the state proceeding to raise constitutional challenges.  *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  If the federal court affirmatively answers these three questions, then it must refrain from interfering with the state proceeding.  *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

Initially, Plaintiff fails to allege any constitutional violation.  Plaintiff merely asserts that Defendants breached their fiduciary duties.  Even if Plaintiff had alleged a constitutional violation, however, the factors the Court must consider in applying the *Younger* abstention doctrine militate against interfering with Plaintiff's state criminal proceeding.  First, Plaintiff alleges that his state criminal proceeding is ongoing.  Docket No. 1-1 at 9; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution").  In addition, Plaintiff's state criminal proceeding involves important state interests.  *See Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 883 (9th Cir. 2011) ("Where the state is in an enforcement posture in the state proceedings, the 'important state interest' requirement is easily satisfied, as the state's vital interest in carrying out its executive functions is presumptively at stake").  Plaintiff also has adequate

opportunity in his state criminal proceeding to raise constitutional challenges. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). Plaintiff may seek relief in his current proceedings, and, if necessary, seek relief from Nevada's appellate courts. The Court therefore finds that it must refrain from interfering with Plaintiff's ongoing state criminal proceeding.[2]

## III.    CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the complaint be **DISMISSED** without prejudice, due to Plaintiff's ongoing criminal case in the state and the *Younger* abstention doctrine.

Dated: January 22, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[2] As the Court recommends dismissal due to the *Younger* abstention doctrine, the Court need not reach the other deficiencies in Plaintiff's complaint.